IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

ROBERT PARRISH, JR., and )
PATRICIA PARRISH, )
                                        )
    Plaintiffs, )
                                        )
v. )   Case No. 3:10-cv-00272
)   Judge Nixon / Brown
SMURFIT STONE CONTAINER )
ENTERPRISES, INC., )   Jury Demand
)
    Defendant. )

## PROPOSED INITIAL CASE MANAGEMENT ORDER

Counsel for Plaintiffs, (hereinafter referred to as "Plaintiffs") and counsel for the Defendant, Smurfit Stone Container Enterprises, Inc. (hereinafter referred to as "Defendant"), have conferred regarding the matters enumerated in Local Rule 16(d) and propose the following initial case management plan:

1. **Jurisdiction**.

Plaintiffs initially filed the present lawsuit in the Circuit Court for Davidson County, Tennessee. Defendant removed this litigation from Tennessee state court to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

Defendants assert this Court has jurisdiction over Plaintiffs' claims based on diversity of citizenship between the parties. The Plaintiffs are citizens of the State of Tennessee. Defendant SSCE is organized in the State of Delaware with its principal place of business in Illinois. Accordingly, there is complete diversity of citizenship between Plaintiffs and Defendant. Plaintiffs did not specify the amount in controversy in their complaint; however, the type of damages sought by each individual Plaintiff demonstrates that the amount in controversy exceeds

FINAL_ Parrish v Smurfit- Proposed Case Management Order-aks (2) doc

$75,000, exclusive of interest and costs. Mr. Parrish claims he "suffered significant injuries, including the loss of a testicle and a lumbar bulge." Mr. Parrish seeks damages for permanent injury, permanent impairment, loss of enjoyment of life, and medical expenses. Mr. Parrish also has not worked for one year and seeks lost wages. Mrs. Parrish seeks damages for loss of consortium.

2. **Parties Theories of the Case.**

   (a) **Plaintiffs' Theory of the Case**

   Plaintiff was on the job as a truck driver. His truck was being loaded. An employee of Defendant, who was supposed to use a forklift to load coils of wire into the truck, carried the coil of wire over and dropped it next to Plaintiff. The coil hit Plaintiff and threw him against the wall. This manner of moving the coil was against policy. Defendant is liable as the employer under vicarious liability. On information and belief there was insufficient training, supervision, and possible knowledge of this employee's tendencies to not follow safety rules. Plaintiff suffered extensive soft tissue damage, including his testicle becoming imbedded deep in his abdomen, along with nerve damage and a bulging disc. He had surgery. He can no longer tolerate sexual relations with his wife, who has a loss of consortium claim. He can no longer work.

   (b) **Defendant's Theory of the Case**

   Defendant denies liability for Plaintiffs' alleged injuries. Defendant denies that it was negligent and submits that none of its actions or failures to act caused the incident described in Plaintiffs' Complaint. To the extent the doctrine of comparative fault applies in this case, Defendant avers that the fault of Plaintiffs should be considered by the trier of fact and assessed accordingly, and Defendant reserves the right pending further investigation and discovery to

Case 3:10-cv-00272   Document 8   Filed 06/22/10   Page 2 of 5 PageID #: 26

allege fault against non-parties to this litigation. Defendant further asserts all defenses available to it under Tennessee law.

3. **Identification of the Issues.**

At this time, the parties have not resolved any issues between them. The unresolved issues which are presently known are as follows:

(a) Whether Defendant's employee negligently caused Plaintiffs' injuries;

(b) Whether Mr. Parrish was in fact injured in the incident described in Plaintiffs' Complaint.

(c) Whether Plaintiffs or other non-parties to this litigation were comparatively negligent;

(d) The extent of the alleged damages Plaintiffs suffered;

(e) Whether Defendant is liable for Plaintiffs' alleged damages.

4. **Need for Other Claims or Parties.**

The parties are not presently aware of any counter-claims, cross-claims, third-party claims, and/or joinder of other parties or claims, or class action certification. However, the parties reserve the right pending further investigation and discovery to allege fault against non-parties to this litigation.

5. **Schedule of Initial Disclosures & Pre-trial Proceedings.**

*The Parties Propose:*

(a) **Rule 26(a)(1) Disclosures**

Defendants would prefer that pursuant to Fed. R. Civ. P. 26(a)(1)(C), all parties must make their initial disclosures within 14 days after the initial case management conference. Plaintiffs' counsel, who is in the midst of six weeks of essentially daily depositions in seven

other federal cases with what has turned out to be aggressive scheduling orders, respectfully requests the deadline be extended to ~~30~~ 28 days. *The deadline is set for 28 days.*

    **(b)    Other Pretrial Discovery Deadlines**

The parties propose the following discovery deadlines:

    (1)    All written discovery shall be served by **August 2, 2010** (including interrogatories and requests for production of documents);

    (2)    All depositions other than experts shall be completed by **October 1, 2010**;

    (3)    Plaintiffs shall disclose expert witnesses (excluding rebuttal experts) and provide all information required under Fed. R. Civ. P. 26(a)(2)(b) by **January 3, 2011**;

    (4)    Defendant shall disclose expert witnesses (excluding rebuttal experts) and provide all information required under Fed. R. Civ. P. 26(a)(2)(b) by **February 1, 2011**;

    (5)    The parties shall disclose rebuttal expert witnesses and provide all information required under Fed. R. Civ. P. 26(a)(2)(b) by **March 1, 2011**;

    (6)    All discovery, including depositions of experts shall be completed by **May 2, 2011**;

No discovery motions shall be filed unless the parties have made all good faith attempts to resolve discovery disputes and have conducted a telephone conference with the Magistrate Judge.

6.    **<u>Dispositive Motions.</u>**

    *Parties Propose:*

The parties propose that all dispositive motions shall be filed by **June 1, 2011**, and shall be limited to **25 pages**. Responses to these motions shall be filed by **June 22, 2011**, and shall be limited to **25 pages**. Any reply shall be filed by **July 6, 2011**, and is limited to **five pages**, absent Court permission for a longer pleading. Notwithstanding the foregoing, if any dispositive

motions are filed earlier than the established deadline, the response and reply dates will move up accordingly.

7. **Subsequent Case Management Conferences.**

A follow-up case management conference by telephone is set for *Sept 2, 2010* _____, at *9:30*. Counsel ~~for Plaintiff shall initiate this call.~~ *Please call (615)695-2851 to for the conference.*

8. **Alternative Dispute Resolution.**

The parties are open to further discussions regarding alternative dispute resolution.

9. **Trial Date.**

The trial date is *Oct. 11, 2011 at 9:00 am*_____. The parties anticipate that the trial will last *3* days. *The Pre-Trial Conference is set for 10:00 am on Sept. 30, 2011.*

It is so **ORDERED**.

Dated: *6-22-10* _____

_____
*Joe B. Brown*
United States Magistrate Judge

Submitted for Entry by:
_____/s/_____
Amber St. John, #18235
Law Office of Amber St. John
411 Nissan Drive
Smyrna, Tennessee 37167
Telephone: (615) 220-2201
*Attorney for Plaintiffs*

s/
_____
E. Todd Presnell, #017521
James A. Beakes, III, #024073
Robyn L. Owens, #027451
MILLER & MARTIN PLLC
1200 One Nashville Place
150 Fourth Avenue, North
Nashville, Tennessee 37219
Telephone: (615) 244-9270
Fax: (615) 256-8197